THE BOARD OF TRUSTEES OF PRAIRIE STATE COMMUNITY COLLEGE, DISTRICT 515, Plaintiff-Appellant, v. PRAIRIE STATE COLLEGE FEDERATION OF TEACHERS, LOCAL 3816, IFT-AFT, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—86—3527

Opinion filed April 20, 1989.—Modified on denial of rehearing
June 29, 1989.

David P. Kula and Joann P. Schochat, both of Scariano, Kula, Ellch & Himes, of Chicago Heights, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Randi C. Hammer, of Illinois Educational Labor Relations Board, and Gilbert Feldman, of Cornfield & Feldman, both of Chicago (Grace Allen Newton, Assistant Attorney General, of Chicago, of counsel), for appellees.

Winston & Strawn, of Chicago, for *amicus curiae.*

JUSTICE McMORROW delivered the opinion of the court:

Citing economic necessity for a reduction in faculty personnel in accordance with section 3B—5 of the Public Community College Act (Ill. Rev. Stat. 1985, ch. 122, par. 103B—5), the Board of Trustees of Prairie State Community College, District 515 (the Trustees) honorably discharged Lee Albrecht and Al Bieker from employment as faculty members at the college at the end of the 1985-86 school year. In an attempt to regain their employment or similar relief, both teachers unsuccessfully pursued the grievance procedures set forth in the collective bargaining agreement between the Trustees and the Prairie State College Federation of Teachers (the Union). Thereafter the Trustees refused the Union's demand that the grievances be submitted to binding arbitration, and the Union filed an unfair labor practice charge with the Illinois Educational Labor Relations Board (the Board), alleging that the Trustees' refusal to submit the matters to binding arbitration was an unfair labor practice under the Illinois Educational Labor Relations Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 1700 *et seq.*).

The Trustees filed suit in the circuit court of Cook County against the Union, the two faculty members, and the Board, seeking a judicial determination that the Trustees' collective bargaining agreement with the Union did not provide for binding arbitration of the faculty members' grievances. The Trustees also sought an injunction to preclude the Board from proceeding on the Union's charge that the Trustees' refusal to submit the faculty members' grievances to binding arbitra-

tion amounted to an unfair labor practice under the Illinois Educational Labor Relations Act. The trial court dismissed the Trustees' complaint on the ground that the court lacked subject matter jurisdiction over the questions raised in the Trustees' complaint and the Trustees appeal. We affirm.

The question presented in this appeal—whether the Illinois Educational Labor Relations Act divests the circuit court, and confers upon the Board, the jurisdiction to determine whether an employment dispute is arbitrable under a public educational collective bargaining agreement—was recently resolved by the Illinois Supreme Court in *Board of Education of Warren Township High School District 121 v. Warren Township High School Federation of Teachers, Local 504* (1989), 128 Ill. 2d 155.[1] In *Warren Township*, the court determined, in accordance with its reasoning in *Board of Education v. Compton* (1988), 123 Ill. 2d 216, that under the Act, it is the Board, rather than the circuit court, that has exclusive jurisdiction to determine whether a teacher's grievance is subject to arbitration under a collective bargaining agreement.

▆▆▆ Based upon the Illinois Supreme Court's decision in *Warren Township*, we must conclude herein that the Illinois legislature intended to place in the Educational Labor Relations Board exclusive jurisdiction to determine the arbitrability of a grievance pursuant to a public educational collective bargaining agreement. One of the foremost purposes for adoption of the Act, and thus the creation of the Board, is "to regulate labor relations between educational employers and educational employees, including *** resolution of disputes arising under collective bargaining agreements." (Ill. Rev. Stat. 1985, ch. 48, par. 1701.) Under the Act, educational employees now have the explicit right to organize and bargain collectively with educational employers. Ill. Rev. Stat. 1985, ch. 48, par. 1703.

This right to collective bargaining includes entitlement to a written collective bargaining agreement that contains "a grievance resolution procedure which shall apply to all employees in the unit and shall provide for binding arbitration of disputes concerning the administration or interpretation of the agreement." (Ill. Rev. Stat. 1985, ch. 48, par. 1710(c).) The wrongful failure to submit a matter to binding arbitration, and the improper refusal to abide by a binding arbitration award, may both be unfair labor practices. See Ill. Rev. Stat. 1985,

---

[1]Following oral argument in the case at bar, the Illinois Supreme Court allowed the petition for leave to appeal in *Warren Township*. We therefore entered a hold order in this appeal pending the supreme court's decision in that cause.

ch. 48, par. 1715; *Warren Township*, 128 Ill. 2d at 162.

■■ ■ Although public employees generally are accorded similar rights in the Public Labor Relations Act, their collective bargaining agreements "shall provide for final and binding arbitration of disputes concerning the administration or interpretation of the agreement unless mutually agreed otherwise." (Ill. Rev. Stat. 1985, ch. 48, par. 1608.) Under these circumstances, the Uniform Arbitration Act applies, unless otherwise agreed by the parties. (Ill. Rev. Stat. 1985, ch. 48, pars. 1606, 1607.) Also, the Public Labor Relations Act states that upon the exhaustion of the nonjudicial remedies of grievance and binding arbitration, public employees may apply to the circuit court for redress for breach of the collective bargaining agreement. (Ill. Rev. Stat. 1985, ch. 48, par. 1616; see also Ill. Rev. Stat. 1985, ch. 48, par. 1610 (unfair labor practices).) Under the Illinois Educational Labor Relations Act, however, "the circuit courts' only roles *** are to enforce Board-issued subpoenas [citation], to enjoin or prevent strikes by educational employees where such strikes pose a danger to the public health or safety [citation], and to enforce Board orders during and after unfair labor practice hearings [citation]." *Warren Township*, 128 Ill. 2d at 165.

Policy considerations for the creation of the Illinois Educational Labor Relations Board and the scope of its powers enumerated in the Act, which recognize the need for certain limitations upon administrative review of the Board's decisions as well as judicial resolution of the extent of the Board's authority, are also significant to this conclusion. As the court stated in *Warren Township*, "To allow the parties in school labor disputes to freely seek circuit court intervention would disrupt the statutory scheme. In fact, the dangers of such intervention are apparent ***. Conflicts [such as an] unseemly tug-of-war between the Board and the circuit court for jurisdiction ***, culminating in a final injunction against the Board proceeding, cannot and should not be encouraged." 128 Ill. 2d at 165.

The instant cause could have resulted in similar circumstances had the able circuit court judge not dismissed the Trustees' complaint in this matter. We would also note that the dispute between the parties in the case at bar has been subject to appellate review in another district with respect to the Board's determination that the teachers' grievances here are subject to binding arbitration; the appellate court concluded in that appeal that the circuit court lacks jurisdiction to determine the arbitrability of the teachers' grievances under the public educational collective bargaining agreement at issue here. *Board of Trustees, Prairie State College v. Illinois Educational Labor Rela-*

*tions Board* (1988), 173 Ill. App. 3d 395, 527 N.E.2d 538.

For the reasons stated, the order of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.